IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JONATHON LEE DECKER,<br><br>    Defendant. | No.4:17-cr-089-JAJ<br><br><br><br>**ORDER** |

  This matter comes before the Court pursuant to a motion filed by the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking a modification of the term of his imprisonment to time served and commencement of a term of supervised release previously imposed. The Court finds defendant was sentenced in the United States District Court for the Southern District of Iowa, to a term of imprisonment followed by a term of supervised release. Defendant requests an early release due to the COVID-19 virus.

  Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), now authorizes the Court to modify a term of imprisonment upon a finding that extraordinary and compelling reasons warrant the reduction. Compassionate release is not mandatory, even if the Court finds an "extraordinary and compelling reason," however. *See, e.g., United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Instead, whether to grant such a reduction involves a 4-step analytical scheme, considering the following issues in succession: (1) timing or satisfaction of administrative requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) extraordinary or compelling reasons, *see id.* at 3582(c)(1)(A)(i); (3) lack of danger to any other person or the community, *see* U.S.S.G. § 1.B.1.13 (applicable policy statement); and (4) § 3553(a) factors, 18 U.S.C. § 3582(c)(1)(A). *Cf. Chambliss*, 948 F.3d at 692-94.

  At the first step, the administrative exhaustion requirement is satisfied [1] if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or [2] there has been a "lapse of 30

days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Some courts consider this exhaustion requirement to be a claim-processing rule subject to possible equitable tolling, but most consider it jurisdictional or otherwise mandatory. *Compare, e.g., United States v. Smith*, No. 12 CR. 133 (JFK), 2020 WL 1849748, at *3 (S.D.N.Y. Apr. 13, 2020) (exhaustion is non-jurisdictional), *with, e.g., United States v. Lugo*, No. 2:19-CR-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (even if the exhaustion requirement was not jurisdiction, it was "both clear and mandatory," so that the court could not read an exception into it); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement).

Defendant attaches to his motion a letter addressed to the warden at USP Leavenworth. [Dkt. 51, at 7]. However, the BOP has no record of the warden ever receiving this letter. [Dkt. 54 at 2]. Defendant does not explain the attached letter, nor does he describe when and how he sent it to the warden. Instead, he appears to encourage the Court to waive the exhaustion requirement. [Dkt. 51 at 6]. Without further evidence, defendant has not demonstrated that he has satisfied the exhaustion requirement.

Even if defendant had satisfied the exhaustion requirement, he does not satisfy the requirements for release under § 3582(c)(1)(A) because he has not demonstrated a medical condition that constitutes "extraordinary and compelling circumstances." Defendant states that he is a previous smoker, that he requires a CPAP machine, and that he is obese. [Dkt. 51 at 3–4]. A defendant's medical conditions may constitute extraordinary and compelling reasons only if the defendant is suffering from a terminal illness, or if he is "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process" and the condition substantially diminishes the defendant's ability to provide self-care in prison. U.S.S.G. § 1B1.13, cmt. n.1. Defendant does not present any

evidence demonstrating that his medical conditions are terminal or that they substantially impair his ability to provide self-care in prison.

After consideration of all defendant's arguments, the Court concludes that defendant has not satisfied the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.

Upon the foregoing,

**IT IS ORDERED** that the defendant's May 1, 2020, Motion for Compassionate Release [Dkt. 51] is denied.

**DATED** this 9th day of September, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA